UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMPARO MORALES, et al.,<br><br>　　　　Defendants. | Case No.　15-cv-00133-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING MOTION TO REMAND**<br><br>[Re: ECF 3, 8] |

On January 9, 2015, *pro se* defendants Amparo Morales and Tereza Ortiz (collectively, "Defendants") removed this unlawful detainer action from the Superior Court of California for the County of Monterey. Before the Court are defendant Morales's Application to Proceed *In Forma Pauperis* ("IFP Application"), ECF 3, and plaintiff Kimberly Smith's January 13, 2015 Motion to Remand to State Court, ECF 8.[1] The Court finds these matters suitable for submission without oral argument and accordingly VACATES the hearing on Plaintiff's Motion to Remand scheduled for April 23, 2015.[2] Civ. L.R. 7-1(b). For the reasons stated herein, Mr. Morales's IFP Application is DENIED and Plaintiff's Motion to Remand is GRANTED.

To prevent abuse of the federal *in forma pauperis* ("IFP") statute, district courts are required to dismiss an IFP complaint if the allegation of poverty is untrue, if the action is frivolous or malicious, or if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In his IFP Application, Mr. Morales declares under penalty of perjury that he is not married and is

---

[1] Defendants have not filed any opposition to Plaintiff's motion.

[2] Plaintiff's Application for Order Shortening Time to advance the hearing date is accordingly DENIED as moot. ECF 14.

employed at VIP Hair Salon and that his net monthly salary is exactly enough to cover his rent, food, utilities, and clothing. *See* ECF 3. Even if the Court accepts that this is sufficient to demonstrate poverty, Mr. Morales's co-defendant, Ms. Ortiz, did not separately seek IFP even though she also signed the Notice of Removal. *See* ECF 1. Were this the only problem, the Court could permit amendment of the IFP Application or require payment of the filing fee. Here, however, the Court finds that Mr. Morales's IFP Application cannot be granted because this Court lacks subject matter jurisdiction over the dispute.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal on the basis of diversity jurisdiction is barred if any properly served defendant is a resident of the state where the action is brought. 28 U.S.C. § 1441(b)(2). The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal jurisdiction exists only when a federal question is presented on the face of a *plaintiff's* well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is settled law that cases "may not be removed to federal court on the basis of a federal defense." *Id.* at 393. Here, as Plaintiff correctly notes in her Motion to Remand, there is no federal claim on the face of the unlawful detainer action filed in state court. Pl.'s Mot. 4-5, ECF 8. Defendants' assertion that their demurrer to Plaintiff's action "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law" is therefore unavailing. *See* Notice of Removal ¶ 10. Moreover, as Defendants appear to reside in California, there can be no removal on the basis of diversity jurisdiction.[3]

---

[3] In the alternative, the Court agrees with Plaintiff that Defendants' removal was not timely, as they admit that the underlying action was filed on November 6, 2014 and that Defendants filed a demurrer on November 12, 2014. Notice of Removal ¶ 1; Pl.'s Mot. 5-6. Defendants did not remove this action until January 9, 2015; well outside of the 30 day deadline set forth in 28 U.S.C. § 1446(b). That Defendants apparently waited until after the Superior Court declined to sustain their federal law based demurrer before removing to this Court does not excuse compliance with 28 U.S.C. § 1446(b). *See id.* ¶ 8.

Because this Court lacks subject matter jurisdiction over the dispute, removal was improper, and the action must be remanded. Plaintiff's Motion to Remand is accordingly GRANTED, Mr. Morales's IFP Application is DENIED, and this action is REMANDED to the Superior Court of California for the County of Monterey.

**IT IS SO ORDERED.**

Dated: February 2, 2015

BETH LABSON FREEMAN
United States District Judge